IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Reuben Jones,

 Plaintiff,

-v-

Medical Revenue Services
d/b/a Medical Data Systems,

 Defendant.

**TRIAL BY JURY DEMANDED**

CASE NO. 3:14cv587 -(GCM)

# COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 *et seq* ('FCRA')

1. Plaintiff, Reuben Jones, hereby files this complaint, individually against Defendant, Medical Data Systems, Inc., of its violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*.

## I. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p; 28 U.S.C. § 1337; and supplemental jurisdiction exists for statutory claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391b (1), in that the Plaintiff resides here; the Defendant transacts business here; and the conduct complained of occurred here.

4. All conditions precedent to the bringing of this action has been performed.

## II. PARTIES

5. Plaintiff, Reuben Jones is a natural person residing in Charlotte, North Carolina and is a "consumer" as defined in FCRA 15 U.S.C. § 1681a(c).

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1681a(6); a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, and a "user of information" as defined by

1

15 U.S.C. § 1681m with a principal place of business located at 2001 9th Avenue, Suite 312, Vero Beach, Florida 32960.

**III. GENERAL ALLEGATIONS**

7. In **July of 2013,** Plaintiff obtained his Transunion and Experian consumer reports and discovered that Defendant, who is unknown to him, had reported false and erroneous accounts.

8. Plaintiff immediately filed disputes of the false information by transmitting actual notice of his dispute along with an adequate description and explanation to Transunion and Experian in July of 2013.

9. Upon receipt of the updated Transunion report dated August 6, 2013, Plaintiff noticed that one of four false accounts had been removed.

10. Upon receipt of the updated Experian report dated August 10, 2013, Plaintiff noticed that one of four false accounts had been removed.

11. On or around August 11, 2013 Plaintiff filed another dispute for the remaining three accounts with Experian.

12. On a Transunion consumer report dated 8/24/2013, Plaintiff witnessed three of the erroneous accounts were still being reported by Defendant

13. Upon receipt of an updated Experian credit report dated September 28, 2013, Plaintiff noticed that the three false accounts had been removed.

14. Upon receiving an updated Transunion report dated September 29, 2013, Plaintiff noticed that the three remaining accounts had been removed

15. On or around August 2, 2014, Plaintiff sent a notice to Defendant to provide an explanation of its erroneous reporting of the negative account entries onto his consumer credit report.

16. Within the same communication to Defendant, Plaintiff requested copies of any and all documents that demonstrated Defendant contacted or attempted to contact him regarding an alleged debt prior to Defendant reporting the accounts onto his consumer reports.

17. Within the same communication Plaintiff offered Defendant the opportunity to mitigate its

2

damages.

18. Defendant is not in receipt of any documentation from Defendant that expresses how he owes anything to Defendant or any entity affiliated with Defendant.

19. Defendant has not responded.

## IV. CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT MEDICAL DATA SYSTEMS

20. Plaintiff incorporates the preceding allegations by reference

21. Transunion and Experian ("CRA's") are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

22. The "consumer credit report" is a consumer report (hereinafter "credit report") within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

23. All actions taken by Defendant were done willfully and with the knowledge that its actions would very likely harm Plaintiff.

24. All actions taken by Defendant were done willfully and with the knowledge that its actions were taken in violation of the FCRA.

25. Defendant knew or should have known that its actions were in reckless disregard of the FCRA.

26. By publishing a representation within Plaintiff's consumer credit reports, Defendant appears to be in violation of 15 U.S.C.§ 1681s-2(b).

27. Despite this fact, Defendant incorrectly verified the negative incorrect credit reporting.

28. Defendant was required to conduct a reinvestigation into the specific accounts on Plaintiff's credit reports pursuant to 15 U.S.C. § 1681i.

29. On two different occasions in August 0f 2013, Defendant failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports and/or failed to conduct any reinvestigation.

30. Defendant failed to maintain reasonable procedures to assure the maximum possible accuracy

3

of Plaintiff's credit reports.

31. Defendant failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful, in that Defendant appeared to wrongly verify the inaccurate information even after given actual notice that the information was inaccurate.

32. Defendant was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more CRA's by completing an inquiry into the facts underlying the false accounts and providing accurate information to the CRA's regarding the accounts.

33. In the event that Defendant was unable to verify the information which they reported, Defendant were required to advise the CRA's of this fact.

34. Following the reinvestigation, Defendant reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

35. Following the reinvestigation, Defendant reported the erroneous credit information and appears to have consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

36. Following the reinvestigation and dispatch of notice directly to Defendant, Defendant reported credit information that was not in fact accurate, appearing to be in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

37. Following the reinvestigation and dispatch of direct notice Defendant, failed to notify the CRA's, to whom it reported credit information, that the accounts were "disputed", in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

38. Defendant willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit reports, appearing to be in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

39. In the alternative, Defendant negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

40. Defendant willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n because it continued to allow the inaccurate information to remain on Plaintiff credit reports.

41. In the alternative, Defendant negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting disputes, appearing to be in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

42. Defendant unlawfully caused there to be eight separate negative accounts to be reporting in violation of the Fair Credit Reporting Act.

43. Due to Defendant's acts, Plaintiff has suffered damages resulting in anger, frustration, anxiety, humiliation, embarrassment and decreased credit worthiness.

44. The anger stems from a diminished creditworthiness by Defendant's malicious and wanton acts.

## DEMAND FOR JUDGMENT AND RELIEF

Accordingly, Plaintiff requests:

a. Statutory and actual damages pursuant to 15 U.S.C. 1681n;
b. Deletion of all accounts being wrongfully reported to any credit bureaus by Defendant;
c. Statutory costs, attorney fees and other costs;
d. Compensatory and punitive damages;
e. Damages for anxiety, humiliation, frustration, loss of use of credit and embarrassment;
f. Any other relief which this Court deems appropriate.

WHEREFORE, Plaintiff demands judgment for statutory damages against Defendant to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

Dated: 10/9/14

Respectfully submitted,

Reuben Jones

5
Case 3:14-cv-00587-GCM   Document 1   Filed 10/20/14   Page 5 of 5